IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JIVE COMMERCE, LLC D/B/A VINO GROTTO, a Utah Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>WINE RACKS OF AMERICA, INC. D/B/A PREMIER WINE CELLARS, a Utah Corporation; and JEFFREY OGZEWALLA, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER<br><br><br>Case No. 1:18-CV-00049-TS-BCW<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Defendants Wine Racks America, Inc. d/b/a Premier Wine Cellars ("WRA") and Jeffrey Ogzewalla (collectively "Defendants") seek leave to file the First Amended Answer and Counterclaim and Third-Party Complaint. [ECF No. 45]. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] Finding good cause shown, the court will GRANT the motion for leave.

## BACKGROUND

Plaintiff JIVE Commerce, LLC d/b/a Vino Grotto ("Plaintiff" or "Vino Grotto") and Defendant WRA are competitors in the wine rack and wine cellar industry. Vino Grotto's principal, Jason Miller ("Miller"), was formerly employed by WRA. After a falling out with WRA's owner, Miller founded Vino Grotto. In this action, Vino Grotto alleges Defendants have taken a variety of actions to harm its business and have alleged claims of unfair competition,

---

[1] Fed. R. Civ. P. 15.

trademark infringement, false advertising, libel and/or defamation.[2] In May 2018, Plaintiff filed the First Amended Complaint and a Motion for Preliminary Injunction. The Court denied Motion for Preliminary Injunction on August 15, 2018.[3] A month later, on September 14, 2018, Defendants filed the pending Motion for Leave to File Amended Answer.[4] Previously, in June the Court entered a Scheduling Order[5] and Defendants filed an Answer to the Amended Complaint.[6] Then in July, the Court granted Defendants' Motion to Dismiss Plaintiff's Eleventh Cause of Action.[7] The Scheduling Order set the deadline for filing amended pleadings and adding additional parties for September 14, 2018, and the last day to file written discovery as November 16, 2018.[8]

On September 14, 2018, the deadline to amend pleadings, Defendants filed a Motion for Leave to File Amended Answer.[9] Defendants move to amend their Answer to assert counterclaims against Vino Grotto and Miller. According to Defendants, the proposed amendment will include counterclaims and third-party claims related to Miller breaching provisions of an employee handbook allegedly containing a non-competition clause, which Miller allegedly signed but was allegedly stolen or lost more than four years ago.

---

[2] *See* First Amended Complaint, [ECF No. 9].

[3] ECF No. 44.

[4] ECF No. 45.

[5] ECF No. 29.

[6] ECF No. 37.

[7] ECF No. 41.

[8] ECF No. 29.

[9] ECF No. 45.

**STANDARD OF REVIEW**

Federal Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[10] "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[11] "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[12]

**ANALYSIS**

**I.  Defendants Motion is Timely and There is no Undue Delay.**

The Supreme Court in *Foman v. Davis* cited "undue delay" as one of the justifications for denying a motion to amend.[13] Lateness, however, "does not of itself justify the denial of the amendment."[14] But, the "longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[15]

In determining whether a movant has unduly delayed in bringing a motion to amend, the Tenth Circuit "focuses primarily on the reasons for the delay."[16] For example, courts may deny leave to amend when the movant "has no adequate explanation for the delay."[17] In addition,

---

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[12] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[15] *Minter v. Prime Equipment Co.* 451 f.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts*, 383 F.3d 7, 12 (1st Cir. 2004)).

[16] *Id.* at 1206.

[17] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

courts may deny leave to amend for lack of excusable neglect "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[18]

Plaintiff, Vino Grotto, argues Defendants have failed to adequately explain the delay in bringing their motion to amend. Plaintiff asserts Defendants had information forming the basis for their amended pleadings long before filing their motion and therefore they were dilatory in moving to amend. Plaintiff cites to *Ayon v. Gourley*[19] and *Pallottino v. City of Rio Ranch*[20] in support of their arguments. The court finds Plaintiff's arguments unpersuasive and these cases distinguishable from the instant case.

In *Ayon*, there was a pending motion for summary judgment and the Tenth Circuit upheld the district court's decision to deny a motion to amend based on delay and bad faith. The Tenth Circuit explained, "the district court realized that 'we are totally changing the amended complaint[.]'"[21] Here, there is no pending dispositive motion and the Defendants are not "totally changing" their previous answer, they are simply adding counterclaims. In *Pallottino*, the Plaintiff did not choose to advance the theory proposed in the amendment until "after his preliminary theory had been dismissed."[22] Here, that is not the case. In addition, there are no pending dispositive motions and the motion for leave was filed on the day due per the Scheduling Order. Thus, there is no undue delay in bringing the motion.

---

[18] *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[19] 185 F.3d 873, 1999 WL 516088, at *3 (10th Cir. June 25, 1999).

[20] 31 F.3d 1023, 1027 (10th Cir. 1994).

[21] 185 F.3d 873, 1999 WL 516088, at *4 (10th Cir. June 25, 1999).

[22] 31 F.3d at 1027.

## II. There is no prejudice to Plaintiff

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[23] "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[24] Typically courts find prejudice "only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[25] This usually occurs when amended claims arise from a different subject matter than what is set forth in the complaint and give rise to significant new factual issues.[26]

Plaintiff argues it would be prejudiced because discovery deadlines would run before the Court could rule on Rule 12(b) motions. This argument is not persuasive because the parties can request an amendment to the Scheduling Order. Moreover, Defendants are not asserting "wholly new claims," but merely counter-claims based on the Amended Complaint. Written discovery does not end for another month and the trial is set for November of 2019. Contrary to Plaintiffs' assertions, discovery that has occurred so far will still be useful and applicable to the case going forward. The court therefore finds no prejudice to Plaintiffs.

---

[23] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[24] *United States v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). *See also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . , provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)); *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir.2004) ("Once the adversary has answered, amendment is no longer allowed as of right, Fed.R.Civ.P. 15(a), but in general permission is liberally granted where there is no prejudice."); 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading.").

[25] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[26] *See id.*

ORDER

Based upon the foregoing and in finding no undue delay or prejudice the court GRANTS Defendants' Motion for Leave to File Amended Answer.[27]

IT IS SO ORDERED.

DATED this 24 October 2018.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[27] ECF No. 45.