IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JIVE COMMERCE, LLC D/B/A VINO GROTTO, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WINE RACKS AMERICA, INC. D/B/A PREMIER WINE CELLARS, a Utah corporation; and JEFFREY OGZEWALLA, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 1:18-CV-49 TS-BCW<br><br>District Judge Ted Stewart |

This matter is before the Court on Counterclaim Defendant JIVE Commerce LLC d/b/a Vino Grotto ("Vino Grotto") and Third-Party Defendant Jason Miller's ("Miller") (collectively, "Counterclaim Defendants") Motion to Dismiss and related motions. Counterclaim Defendants seek dismissal of Counterclaim/Third-Party Plaintiffs Wine Racks of America, Inc. d/b/a Premier Wine Cellars ("Premier") and Jeffrey Ogzewalla's ("Ogzewalla") (collectively, "Counterclaim Plaintiffs") claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment. For the reasons discussed below, the Court will grant in part and deny in part the Motion to Dismiss, grant in part and deny in part the Motion for Leave to File Surreply, and deny the Motions to Strike and Motion for Leave to Supplement.

I. BACKGROUND

Vino Grotto and Premier are competitors in the wine rack and wine cellar industry. Vino Grotto's principal, Jason Miller, was formerly employed by Premier. Mr. Miller founded Vino Grotto after having a falling out with Ogzewalla, the president of Premier.

Counterclaim Plaintiffs allege that Miller entered into a valid and binding agreement with Premier in the form of an employee handbook (the "Employee Handbook"). Counterclaim Plaintiffs allege that Miller violated the Handbook in a number of respects. This gives rise to claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. Counterclaim Plaintiffs also assert a claim of unjust enrichment against Vino Grotto. Counterclaim Defendants seek dismissal of all claims.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Counterclaim Plaintiffs as the nonmoving party.[1] Counterclaim Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

---

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

III.  DISCUSSION

A.	BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT, AND PROMISSORY ESTOPPEL

Counterclaim Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel all relate to the Employee Handbook. Counterclaim Plaintiffs allege that the Employee Handbook constitutes a valid and binding agreement that was drafted, circulated, and signed by Miller. They allege Miller violated the Employee Handbook in several respects.

Counterclaim Plaintiffs included a copy of the alleged Employee Handbook with its Amended Answer, Counterclaim, and Third-Party Complaint ("Amended Answer").[10] After Counterclaim Defendants filed their Motion to Dismiss, the parties filed documents related to the Employee Handbook. First, Counterclaim Plaintiffs filed an Errata, attaching a copy of what they deem to be the "original" employee handbook.[11] They explain that the version of the Employee Handbook attached to the Amended Answer was a reformatted version, but that both are substantially similar. That same day, Counterclaim Defendants filed a Notice of Supplemental Authority. In that Notice, Counterclaim Defendants purport to provide evidence that the version of the Employee Handbook attached to the Amended Answer was created later

---

[10] Technically, Counterclaim Plaintiffs provided the Employee Handbook with its Motion for Leave to File First Amended Answer to Amended Verified Complaint and Counterclaim and Third-Party Complaint. *See* Docket No. 45-2. Counterclaim Plaintiffs did not re-file this exhibit after receiving permission to file their Amended Answer. *See* Docket No. 53. However, the parties appear to presume that the Employee Handbook is before the Court as an exhibit to the Amended Answer.

[11] Docket No. 62.

than originally indicated and could not have been signed by Miller.[12] The parties have moved to strike the other's respective filings.[13] Additionally, Counterclaim Defendants have filed a motion seeking leave to file new evidence that they argue undermines Counterclaim Plaintiffs' allegations of a valid contract.[14]

The parties spend much time debating whether a contract exists, whether Miller signed the Employee Handbook, which version of the Employee Handbook the Court should consider, and whether the Court should consider other evidence outside the pleadings. These disputes are easily resolved by reference to a few basic principles. First, Counterclaim Plaintiffs were not required to attach a copy of the Employee Handbook to their Amended Answer. Plausible allegations supporting the existence of a contract would have been sufficient. Since they did attach a copy of the Employee Handbook, however, it becomes "a part of the pleading for all purposes."[15] Second, and relatedly, the Court can consider documents attached as exhibits to the Amended Answer when considering a motion under Rule 12(b)(6). However, the Court cannot consider other matters without converting the motion to one for summary judgment.[16] The parties have not requested the Court convert this matter and the Court declines to do so. Finally, the Court must view all plausible allegations in the light most favorable to Counterclaim Plaintiffs and is not in a position to resolve factual disputes.

---

[12] Docket No. 63.
[13] Docket Nos. 65, 68.
[14] Docket No. 81.
[15] Fed. R. Civ. P. 10(c).
[16] Fed. R. Civ. P. 12(d).

These fundamental principles resolve the bulk of the parties' arguments. The Court will consider the allegation in the Amended Answer, along with all of the attached exhibits, including the Errata. The Court will not consider any other evidence outside the pleadings. Finally, the Court will not resolve any factual disputes but will instead view the facts in the light most favorable to Counterclaim Plaintiffs, as it must. This leaves the Court to answer a simple question: Do Counterclaim Plaintiffs' allegations and attached exhibits, including the Errata, support a valid claim with respect to the Employee Handbook? As will be discussed, the answer is no.

"Utah law allows employers to disclaim any contractual relationship that might otherwise arise from employee manuals."[17] The existence of "a clear and conspicuous disclaimer, as a matter of law, prevents employee manuals or other like material from being considered as implied-in-fact contract terms."[18] "[W]hen an employee handbook contains a clear and conspicuous disclaimer of contractual liability, any other agreement terms must be construed in the light of the disclaimer."[19] "Factors relevant in determining whether a disclaimer is clear and conspicuous include (1) the prominence of the text; (2) the placement of the disclaimer in the handbook; and (3) the language of the disclaimer."[20]

The Employee Handbook provided with Amended Answer begins as follows: "The following pages contain information regarding many of the policies and procedures of Wine

---

[17] *Tomlinson v. NCR Corp.*, 345 P.3d 523, 529 (Utah 2014).

[18] *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1003 (Utah 1991).

[19] *Hodgson v. Bunzl Utah, Inc.*, 844 P.2d 331, 334 (Utah 1992).

[20] *Hamilton v. Parkdale Care Ctr., Inc.*, 904 P.2d 1110, 1112 (Utah Ct. App. 1995).

Racks America, Inc. (hereby referred to as "The Company"). *This is not an employment contract and is not intended to create contractual obligations of any kind*."[21] In the "Leave Policies" provision of the Handbook, it again states that "[t]his statement of leave policies is not intended to create a contract between The Company and its employees."[22] Finally, the very last sentence of the Employee Handbook, located just before the signature line, states: "These policies do not create any promises or contractual obligations between this company and its employees."[23] The Employee Handbook submitted with Counterclaim Plaintiffs' Errata contains the same statements.[24] Thus, regardless of which version of the Employee Handbook the Court considers, the relevant passages and ultimate conclusion remain the same.

Counterclaim Plaintiffs argue that these statements are not sufficiently prominent to disclaim an employment contract. The Court disagrees. The Utah Supreme Court has "never required that an employer place disclaimers in any particular location. Rather, the focus of the analysis is on whether the placement of the disclaimer is sufficiently prominent to place a reasonable employee on notice that the employer was disclaiming any contractual relationship."[25] For example, in *Ryan v. Dan's Food Stores, Inc.*,[26] the Utah Supreme Court found that a disclaimer was sufficiently prominent where it was located on the first page of the

---

[21] Docket No. 45-2, at 2 (emphasis added).
[22] *Id.* at 18.
[23] *Id.* at 24.
[24] Docket No. 62-1, at 2, 17, 22.
[25] *Tomlinson*, 345 P.3d at 530.
[26] 972 P.2d 395 (Utah 1998).

handbook.[27]  The same was true in *Johnson v. Morton Thiokol, Inc*.  There, "the introduction of the handbook contain[ed] clear and conspicuous language stating that the provisions of the manual are not intended to operate as terms of an employment contract"[28]

Counterclaim Plaintiffs argue that the disclaimer here is not sufficiently prominent because it "was not accentuated, was not separate, and was not clear."[29]  While courts have considered the fact that a disclaimer is bolded and set out by a separate text box in determining whether it is sufficiently prominent,[30] there is no per se rule.  Instead, the focus is on whether the disclaimer is sufficiently prominent.  Here, like the disclaimers in *Ryan* and *Johnson*, the disclaimer was placed at the beginning of the Employee Handbook.  In addition, further disclaimers were included in the leave policies section and the final sentence before the signature line.  The combination of these statements is sufficiently conspicuous.  Further, unlike the manual at issue in *Reynolds*, Counterclaim Plaintiffs point to no statements that would potentially conflict with the disclaimer.

Counterclaim Plaintiffs also argue that dismissal is not appropriate because the disclaimer is ambiguous.  Whatever other ambiguities may exist in the Employee Handbook, there is nothing ambiguous about the statement "This is not an employment contract."  Therefore, Counterclaim Plaintiffs' contract-based claims must be dismissed.  Similarly, Counterclaim Plaintiffs' promissory estoppel claim fails because the Employee Handbook disclaims that it

---

[27] *Id.* at 401.

[28] 818 P.2d at 999.

[29] Docket No. 61, at 5.

[30] *Tomlinson*, 345 P.3d at 530; *Reynolds v. Gentry Fin. Corp. & Royal Mgmt.*, 368 P.3d 96, 101 (Utah Ct. App. 2016).

creates any promises between Premier and Miller and any reliance on the alleged promises would not be reasonable in light of the disclaimer.[31] Based upon this, the Court need not address the other arguments made in relation to these claims.

B.      STATUTE OF LIMITATIONS

Because the other claims are subject to dismissal for the reasons set forth above, the Court need only address the statute of limitations as it relates to the unjust enrichment claim. A four-year statute of limitations applies to Counterclaim Plaintiffs' unjust enrichment claim.[32] The actions that make up the unjust enrichment claim began in early 2013 and concluded by April 2014.[33] This action was filed on May 8, 2018, and the Counterclaim was filed on October 24, 2018.

Counterclaim Plaintiffs argue that the discovery rule tolls the statute of limitations. The fraudulent concealment branch of the equitable discovery rule may operate to toll a statute of limitations "where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct."[34] Here, Counterclaim Plaintiffs contend that Miller concealed his actions, making them unaware of their claim until after this action commenced. There are some allegations to support the claim that Miller took actions to conceal his conduct. For instance, it is alleged that Miller had his assistant clock him in and out each day

---

[31] *See Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1260 (10th Cir. 2007); *see also Kuhl v. Wells Fargo Bank, N.A.*, 281 P.3d 716, 727 (Wyo. 2012).

[32] *Pero v. Knowlden*, 336 P.3d 55, 59 (Utah Ct. App. 2014); *see also* Utah Code Ann. § 78B-2-307(3).

[33] Docket No. 53 ¶¶ 31–54.

[34] *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 747 (Utah 2005).

9

to make it look like he was at work when he was really working to develop his competing business.[35] However, many of the facts relevant to determining whether the statute of limitations should be tolled because of this alleged conduct are not properly before the Court. Consequently, it is improper to dismiss this claim on statute of limitations grounds at this time.[36] Counterclaim Defendants can reassert their statute of limitations defense, if appropriate, after discovery.

C.  UNJUST ENRICHMENT

Counterclaim Defendants also seek dismissal of the claim for unjust enrichment on various other grounds. First, Counterclaim Defendants argue that a claim for unjust enrichment is not available based on the existence of a written contract. Counterclaim Defendants are correct that a claim for unjust enrichment is "used only when no express contract is present."[37] However, as discussed above, the Employee Handbook does not constitute a contract. Moreover, any contract contained in the Employee Handbook is between Miller and Premier. There is no allegation that a contract exists between Premier and Vino Grotto, against whom the unjust enrichment claim is pleaded. Thus, the existence of the Employee Handbook does not necessitate the dismissal of the unjust enrichment claim.

Counterclaim Defendants also argue that Counterclaim Plaintiffs failed to exhaust their legal remedies and run afoul of the economic loss rule. This argument too depends on the

---

[35] Docket No. 53 ¶ 34.

[36] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements.").

[37] *TruGreen Cos., L.L.C. v. Mower Bros., Inc.*, 199 P.3d 929, 933 (Utah 2008).

existence of a binding contract between Premier and Vino Grotto, which there is not. Therefore, dismissal is not required on this ground.

Additionally, Counterclaim Defendants state that "it is not at all clear why an unjust enrichment claim is even being made against Vino Grotto."[38] It appears that Counterclaim Defendants are arguing that the unjust enrichment claim is inadequately pleaded.

> A party may prevail on an unjust enrichment theory by proving three elements: (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.[39]

Here, it is alleged that Premier, through Miller, conferred a benefit on Vino Grotto when Miller performed work for Vino Grotto while he was still employed and being paid by Premier. Counterclaim Plaintiffs allege that Vino Grotto was receiving Miller's work for free and that it would be inequitable for Vino Grotto to retain this benefit. Counterclaim Defendants argue that this theory is insufficient and would lead to unjust enrichment claims any time a competitor "hires away an employee, solicits another's customers, or partakes in general business competition with its competitor."[40] Counterclaim Plaintiffs' allegations do more than just allege "general business competition" and adequately set forth a claim for unjust enrichment. Therefore, the Motion will be denied as to this claim.

---

[38] Docket No. 60, at 13.

[39] *Jeffs v. Stubbs*, 970 P.2d 1234, 1247–48 (Utah 1998) (internal quotation marks and citations omitted).

[40] Docket No. 60, at 13.

D.  ATTORNEY'S FEES

Counterclaim Defendants request their attorney's fees, arguing that Counterclaim Plaintiffs "failed to do their due diligence in filing the Claims, made baseless assertions of theft, and put [Counterclaim Defendants] to expense in bringing the present Motion."[41] Counterclaim Defendants cite only DUCivR 1-2 in support of their request.

DUCivR 1-2 states: "The court, on its own initiative, may impose sanctions for violation of these civil rules. Sanctions may include, but are not limited to, the assessment of costs, attorneys' fees, fines, or any combination of these, against an attorney or a party." Here, there is no evidence or argument that Counterclaim Plaintiffs violated any of the Court's local rules. Therefore, this request fails.

In a belated attempt to bolster their request, Counterclaim Defendants cite to Utah Code Ann. § 78B-5-825 for the first time in their Reply. That provision allows for attorney's fees to a prevailing party if the Court determines that the action was without merit and not brought or asserted in good faith.

This request fails for the primary reason that it was raised for the first time in reply. As such, it will not be considered.[42] Moreover, Counterclaim Defendants have failed to prove that they are entitled to fees under the statute. Therefore, the request for attorney's fees will be denied.

---

[41] *Id.* at 14.

[42] *See Pickering v. USX Corp.*, 758 F. Supp. 1460, 1461 n.2 (D. Utah 1990).

## IV. CONCLUSION

It is therefore

ORDERED that the Motion to Dismiss (Docket No. 60) is GRANTED IN PART AND DENIED IN PART. Counterclaim Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel are dismissed. It is further

ORDERED that the Motion for Leave to File Surreply (Docket No. 66) is GRANTED IN PART AND DENIED IN PART. The Court has considered the relevant parts of the proposed Surreply in considering the Motion to Dismiss. It is further

ORDERED that the Motions to Strike (Docket Nos. 65 and 68) and Motion for Leave to Supplement (Docket No. 81) are DENIED.

DATED this 21st day of March, 2019.

BY THE COURT:

Ted Stewart
United States District Judge