IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JIVE COMMERCE, LLC D/B/A VINO GROTTO, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WINE RACKS AMERICA, INC. D/B/A PREMIER WINE CELLARS, a Utah corporation; and JEFFREY OGZEWALLA, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY'S FEES<br><br><br>Case No. 1:18-CV-49 TS<br><br>District Judge Ted Stewart |

On August 6, 2019, the Court awarded Plaintiff its attorney's fees and costs in bringing its motion to enforce the settlement agreement. Plaintiff has now provided declarations in support of its request for attorney's fees and costs, and Defendants have filed their response.

Defendants argue that Plaintiff's requested fees are excessive. Defendants argue that Plaintiff's requested fees should be reduced because the matter was simple, it did not require the work of two attorneys, and could have been handled more efficiently by Plaintiff's counsel.

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee."[1] "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"[2] Defendants

---

[1] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).
[2] *Id.*

1

do not appear to contest the reasonableness of the billing rates of Plaintiff's counsel. Thus, the only remaining issue is the reasonableness of the hours expended by Plaintiff's attorneys.

"Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[3] The Court must examine these records to determine whether the time expended on each task is reasonable.[4]

A fee award may be reduced because hours were redundant, excessive, improperly billed, or otherwise not reasonably expended.[5] The Court's overriding consideration is "whether attorney's hours were 'necessary' under the circumstances."[6] "In this analysis, [the Court] ask[s] what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances."[7]

Having carefully reviewed the declarations submitted by Plaintiff, the Court concludes that the hours incurred were reasonable. Therefore, the Court awards Plaintiff fees and costs in the amount of $10,677.50.

SO ORDERED.

---

[3] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).
[4] *Id.*
[5] *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).
[6] *Robinson*, 160 F.3d at 1281.
[7] *Id.*

DATED this 25th day of September, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge